BUENA VISTA, The, v. BOLTON. See Case No. 2,105.

BUENA VISTA CO. (CARPENTER v.). See Case No. 2,429.

---

## Case No. 2,106.

### BUERK v. IMHAEUSER et al.

[1 Ban. & A. 337;[1] 5 O. G. 752.]

Circuit Court, S. D. New York. June Term, 1874.[2]

PATENTS—WATCHMAN'S TIME DETECTOR—INFRINGEMENT.

1. The case of Buerk v. Valentine [Case No. 2,109] examined anew upon its merits in a suit upon the same patent, and a decision rendered following it.

[See note at end of case.]

2. A watchman's time detector, in which the dial-paper is pressed down upon a surface furnished with projections by which it is indented, is an infringement of a patent for a like detector in which points are forced upward from below by similar means to perforate the paper, the former device being an equivalent for the other, and an evasion of the patent.

[In equity. Suit by Jacob E. Buerk against William Imhaeuser, Theodore Hahn, and Charles Keinath for infringement of letters patent No. 48,048, for an "improvement in watchman's time detectors," issued to complainant as assignee of John Buerk, January 1, 1861, reissued August 22, 1865, and again reissued March 8, 1870, and numbered 3,869. Decree for complainant for an injunction and an accounting.]

J. Van Santvoord, for complainant.
Keller & Blake, for defendants.

WOODRUFF, Circuit Judge. I have re-examined the decision heretofore made by me, in Buerk v. Valentine [supra], so far as it bears upon the contest in this suit. In that case, the patents and the patented devices, including the patent for the infringement of which this suit is brought, are fully described. The additional evidence here introduced, does not alter my conviction that the invention now in question, and secured to the complainant by his patent of June 5, 1865, was not anticipated by any of the devices to which the evidence relates; nor by John Buerk, upon whose invention that of the complainant was an improvement.

It is true, that a revolving dial had before been used; that John Buerk used perforating-points; that Rowbotham & Nolet used a stamp rather than a key; that Schwilgue employed a single point, adjustable to different positions of the varying positions of the bits on the keys. As to all these, specific and important differences, from the complainant's detector, might be pointed out. For example: Apart from the plain difference, between Schwilgue's and the complainant's, in the manner of construction; the mode in which the single point was controlled and shifted by a species of lever or rotating arm; the fact that the dial was not placed on the arbor of the watch movement, and other particulars, which made it a far more cumbrous and inconvenient instrument than the complainant's detector— besides all this, it had no such capacity of variation by the combinations of marks or punctures produced by the keys, which can be employed in the complainant's machine, and enable the owner to make it serve for a very great number of stations, if his business so requires. And, as to the fact that marks and punctures have been before used, the defendants, or especially their experts, treat the case, to some extent, as if a device was not patentable, if, by prior known means, the same, or substantially the same, result has been produced. For this, however, the learned counsel for the defendants, with his great experience and familiarity with the subject, would not, I am certain,

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[2] [Affirmed in Imhaeuser v. Buerk, 101 U. S. 647.]

seriously contend. The invention of the complainant first brought the combination of the revolving dial on the watch arbor, the complex and greatly - varying system of markers into immediate connection, in such form of convenience and by such mechanical devices as are shown in his detector.

It is claimed that the parts were old, and that his achievement was aggregation merely. Not so. The very combination itself required new devices to make the combination operative; and the several parts, when combined, produce a result not before produced by any one. Is the defendants' detector an infringement? I think it is. The only difference between it and the complainant's detector is, that instead of forcing points upward to perforate, the defendants force the paper downward upon, and to receive an impression from, stationary projections from the surface below. Both indent the dial upward; one makes a perforation, the other an upward indentation. I do not think an inventor can be robbed of the fruits of his invention by such a variation, when the whole structure of his machine is in other respects the same. Without deeming it necessary to discuss the subject more minutely or fully, my conclusion is, that the complainant's patent is valid, and that the defendants infringe it. Let a decree be entered for the complainant awarding an injunction, directing an account, etc.

[NOTE. Subsequently defendant moved for a new trial on the ground of newly-discovered evidence, but the motion was denied. See Case No. 2,107a. Exceptions were filed by defendants to the master's report on the accounting, and the exceptions were sustained in part. See Case No. 2,107. For a proceeding to punish the defendant Imhaeuser as for a contempt in violating the injunction, see Case No. 2,108. From the final decree herein defendants appealed to the supreme court, where the decision was affirmed, the appellate court holding the Buerk patent to be valid, and that the defendants were guilty of infringement. Imhaeuser v. Buerk, 101 U. S. 647. For other cases involving this patent, see note to Buerk v. Valentine, Case No. 2,109.]